IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DeCRISTO LAND, *et. al.*, | : | 4:16-cv-1731 |
| | : | |
| Plaintiffs, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| ANADARKO E&P ONSHORE, LLC, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

**November 4, 2016**

Presently before the Court is a Motion to Remand (the "Motion") (Doc. 5) filed by Plaintiffs DeCristo Land, LLC ("DeCristo"), Castle Minerals, LLC ("Castle"), and JLS Holdings, LLC ("JLS"). Plaintiffs filed a Complaint against numerous defendants in the Court of Common Pleas of Tioga County, Pennsylvania on July 18, 2016. (Doc. 1, ex. A, p. 4). Defendant SWEPI, LP ("SWEPI") filed a notice of removal to this Court on August 18, 2016. (Doc. 1). SWEPI filed a Motion to Dismiss on August 25, 2016. (Doc. 3). Plaintiffs filed the instant Motion to Remand on August 29, 2016 (Doc. 5), as well as a motion to stay briefing on SWEPI's Motion to Dismiss on September 8, 2016 (Doc. 7), which was granted by this Court. (Doc. 8). The Motion has been fully briefed (Docs. 9,

13, 15) and is therefore ripe for our review. For the reasons that follow, the Motion shall be granted and the case remanded to state court.

I.     BACKGROUND

Plaintiffs are the owners of certain oil, gas, and mineral rights underlying real estate in Ward and Sullivan Townships, Tioga County, Pennsylvania. (Doc. 1, ex. A, p. 8). Plaintiffs bring this action to quiet title based upon an oil and gas lease referred to as the Bourbeau lease. (*Id*.). The Bourbeau lease gave its holders an interest in the oil, gas, and mineral rights at issue for a primary period of five years commencing on January 13, 2006, but would continue if certain conditions were met. (*Id*., at p. 9). Plaintiffs seek a declaration that the lease expired on January 13, 2016 and that they are the exclusive owners of the gas, oil, and mineral rights. (*Id*., at pp. 23-24).

In their Complaint, Plaintiffs name two defendants as "Parties", while naming ten defendants as "Nominal Defendants." (*Id*., at pp. 5-8). The two party defendants are SWEPI and Anadarko E&P Onshore, LLC ("Anadarko") (collectively "Party Defendants") (*Id*., at p. 5). The Party Defendants allegedly each have a 50% interest in the Bourbeau lease. (*Id*., at p. 11). The nominal defendants are Frontier Forest Company, Inc., Calvin, Marlene and David Molyneux, Armenia Mountain Meadows, LLC, Ross Avenue Minerals 2012, LLC, Belmont Royalty and Minerals 2012, LLC, Crain Entergy, Ltd., Crain II Oil & Gas

Ltd., Cherry Minerals, LLC, and Associates Royalty and Minerals, LLC (collectively "Nominal Defendants"). (*Id.*, at pp. 5-8). Plaintiffs refer to the nominal defendants as the "Landowner Defendants" in their Motion. (*See* Doc. 5). Plaintiffs allege that each of the Nominal Defendants "own and/or retain a partial interest in the underlying oil/gas lease at issue in this matter." (Doc. 1, ex. A, pp. 5-8). Both parties agree that the Plaintiffs and four of the Nominal Defendants are citizens of Pennsylvania. (Doc. 13, p. 2).

Plaintiffs assert two claims against the Party Defendants. Count I is an action to quiet title pursuant to Pa.R.C.P. 1061(b)(3). (Doc. 1, ex. A, p. 21). Count II seeks a declaratory judgment pursuant to 42 Pa.C.S. § 7531, *et. seq.* (*Id.*, at p. 22). Plaintiffs do not assert any claims against the Nominal Defendants.

## II.   STANDARD OF REVIEW

Federal statutory law permits a defendant to remove a case filed in the state court system to federal court.  28 U.S.C. § 1441.  Courts construe the removal statute against removal and resolve doubts in favor of remand.[1] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  Furthermore,

---

[1] SWEPI acknowledges that Third Circuit precedent instructs courts to strictly construe removal, yet points out that the Supreme Court has not spoken on this matter. (Doc. 13, p. 6). As we are sure SWEPI knows, this Court is bound by the Third Circuit and will follow its instruction in considering remand.

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In considering a motion to remand, "the district court must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### III. DISCUSSION

Plaintiffs argue that the Court must remand this case to state court for four reasons. First, Plaintiffs argue that removal was prohibited by 28 U.S.C. § 1441(b)(2) because four of the Nominal Defendants are citizens of Pennsylvania. Relatedly, Plaintiffs next argue that this Court lacks subject matter jurisdiction because four of the Nominal Defendants are citizens of Pennsylvania and thus there is not complete diversity between the Plaintiffs and Defendants. Third, SWEPI did not obtain consent of all served defendants before removing, in violation of 28 U.S.C. § 1446(b)(2)(A). Finally, Plaintiffs argue that SWEPI has failed to meet its burden to show that the amount in controversy exceeds $75,000 in order to establish subject matter jurisdiction.

As Plaintiffs' first three arguments hinge on whether we agree with the SWEPI that the Nominal Defendants were fraudulently joined, we will discuss them together, followed by a discussion on the amount in controversy requirement.

#### 1. Fraudulent Joinder

In response to the first three arguments by Plaintiffs, SWEPI argues that the Court need not consider the Nominal Defendants for purposes of jurisdiction or removal requirements because they are fraudulently joined parties. Plaintiffs reply by arguing that the Nominal Defendants are indispensable parties who were not fraudulently joined, and whose citizenship impacts removal to federal court.

"In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Fraudulent joinder exists where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (internal quotation omitted). "If the district court determines that the joinder was 'fraudulent' in this sense, the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F.3d at 216 (internal quotation omitted).

Fraudulently joined parties are sometimes referred to as "nominal" parties. *Abels*, 770 F.2d at 29. However, Plaintiffs' labeling of the nondiverse defendants

as the "Nominal Defendants" in their complaint does not necessitate a finding that they qualify as nominal parties under the legal sense of the word. SWEPI takes issue with the Plaintiffs' characterization of the Nominal Defendants as "indispensable parties" under Federal Rule of Civil Procedure 19, and argues that indispensability of a party has no bearing on fraudulent joinder and jurisdiction. (Doc. 13, p. 8).

SWEPI cites to *Castner v. Exxon Co., U.SA.*, 563 F. Supp. 684 (E.D. Pa. 1983) for the proposition that indispensability is not informative upon fraudulent joinder. To be sure, the *Castner* court did say that "in the context of an assertedly fraudulent joinder the proper question to be asked is not whether the defendant whose joinder is challenged is an indispensable party, but whether there is a 'real cause of action asserted against' that defendant." *Id.*, at 687. However, SWEPI takes this quote out of context. The court was merely stating that indispensability is not the only lens with which to view fraudulent joinder. The court recognized just one sentence earlier that "'Indispensable party' indeed appears as the talismanic concept in certain of the removal cases." *Id*.

SWEPI also cites to *Korsun v. Progressive N. Ins. Co.*, 2006 WL 3143169, but this opinion explicitly recognizes that "[a] nominal party is defined as one that is neither necessary nor indispensable to join in the action." *Id.*, at *3 (internal quotation omitted). SWEPI further relies on *Kane v. Waltrip*, 2009 WL 2997939,

and states that this Court held that "the question of whether a party has been fraudulently joined is separate and distinct from the question of whether a party is a nominal defendant; only in the latter situation does the Court examine whether the party is necessary or indispensable." (Doc. 13, p. 9). We find this to be an incorrect reading of *Kane*; that contention is not stated anywhere in the opinion, and it appears that SWEPI is inferring this conclusion simply from the Court addressing concepts of fraudulent joinder and nominal parties in separate paragraphs. *Kane* represents an entirely different set of circumstances and has no bearing on our analysis.

Contrary to the SWEPI's assertion, indispensability is an important factor to consider when assessing diversity jurisdiction. The Third Circuit has stated, "when a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper." *Steel Valley Auth.*, 809 F.2d at 1010-1011. The Court further stated that when considering remand, "while nominal or fraudulently joined parties may be disregarded, indispensable parties may not." *Id.*, at 1010.

SWEPI, as the removing party, bears the burden of establishing that this case is properly before federal court. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). In response to Plaintiffs' argument that the Nominal Defendants are

indispensable parties, SWEPI offers a footnote conclusively stating that the Nominal Defendants' interests in the property rights are not enough to make them indispensable. (Doc. 13, p. 10). In sharp contrast, Plaintiffs offer argument that the Nominal Defendants have rights that are subject to the Bourbeau lease and a declaration by this Court that the lease has expired will directly impact their proprietary and monetary interests. (Doc. 9, p. 16).

    SWEPI is correct that "joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant." *Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 479 (E.D. Pa. 2001) (internal quotations omitted). "However, the removing party bears a heavy burden of persuasion in demonstrating that a party has been fraudulently joined." *Id.*, at 480 (internal quotation omitted). The Third Circuit has recognized that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation omitted).

    Here, Plaintiffs seek a declaratory judgment that the oil, gas, and mineral rights at issue are owned solely by them. (Doc. 1, ex. A, p. 23). While the action pursuing declaratory judgment and the action to quiet title are only aimed specifically at the Party Defendants, the complaint asserts that each of the Nominal

Defendants currently have an interest in the oil, gas, and mineral rights. (*Id*., at pp. 5-8). Because Plaintiffs' claims seek to establish sole ownership over property that the Nominal Defendants have an interest in and therefore a joint judgment against all adverse interest holders, there is absolutely a "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Boyer*, 913 F.2d at 111. A declaration by the court that the Plaintiffs are the sole owners of these property rights will effect all those with an interest in the property.

Plaintiffs point the Court to an analogous case from the Western District of Pennsylvania. (Doc. 9, p. 17). In *Krupa v. Hilcorp Energy I LP,* 2014 WL 2506144 (W.D. Pa. June 3, 2014), the District Court adopted a report and recommendation from a magistrate judge that recommended remand on almost identical facts. The *Krupa* plaintiffs were owners of real estate that was subject to an oil and gas lease. *Id*., at *4. The plaintiffs sought declaratory judgment that the lease was void against the original leaseholders and all purported assignees of the interests in the oil and gas rights. *Id*. In light of that, the plaintiffs joined all purported predecessors in interest to the lease as defendants, including two whose citizenship destroyed complete diversity of citizenship. *Id*., at *6. The main defendants argued that these nondiverse parties were fraudulently joined. *Id*. The magistrate judge conducted a fraudulent joinder analysis that focused on whether the defendants

were necessary parties to the action. *Id.*, at *8. After finding that one of the defendants was dispensable for reasons not applicable here, the judge found that the other defendant was indispensable and therefore fraudulent joinder was inapplicable. *Id.*, at*13. The judge stated, "[i]t is well settled that in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Id.* (internal quotation omitted). Because the defendant "has an interest that will be adversely affected by a declaratory judgment declaring the [lease] void", joinder was proper and remand was required. *Id*.

The present matter is significantly analogous, and we find the magistrate judge's reasoning to be persuasive. The Nominal Defendants have a legitimate interest in the resolution of this matter such that we cannot say that they are fraudulently joined parties. It is uncontested that four of the Nominal Defendants are citizens of Pennsylvania and thus complete diversity is not attained. Therefore, SWEPI has not met its burden in establishing that jurisdiction is proper before this Court and we must remand for lack of subject matter jurisdiction.

### 2. Amount in Controversy

Plaintiffs argue that the SWEPI did not meet its burden of establishing the amount in controversy requirement for subject matter jurisdiction under 28 U.S.C. § 1332. SWEPI responds by offering a declaration by its land representative that the rights at issue are worth more than $75,000. Because we find that the Nominal

Defendants are not fraudulently joined such that diversity still exists, this argument is rendered moot. For purposes of clarity and completeness, however, the Court notes that SWEPI has met its burden of establishing the amount in controversy. When the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Plaintiffs offered no evidence to rebut SWEPI's contention that the amount in controversy had been satisfied, and indeed SWEPI supplied the court with a declaration by a knowledgeable party to that effect. Therefore, the Court can easily find that the requirement has been met.

## IV. CONCLUSION

For the foregoing reasons, we find that this Court lacks subject matter jurisdiction and will therefore grant Plaintiffs' motion to remand the case to state court. (Doc. 5). A separate order shall issue in accordance with this ruling.